NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Eric J. Rhett, | |
|     Plaintiff, | |
| v. | Civil Action No. 07-1310 (DRD) |
| New Jersey State, et al. | **OPINION** |
|     Defendants. | |

Appearances by:

Eric J. Rhett
Apt. 2
195 West Main Street
Rahway, New Jersey 07065

    *Pro Se* Plaintiff

**DEBEVOISE, United States Senior District Judge**

This matter comes before the Court on appeal of the Magistrate Judge's order denying without prejudice appointment of *pro bono* counsel to Eric J. Rhett, *Pro Se* Plaintiff ("Rhett") and denying with prejudice the review of the ruling of the State of New Jersey family court. For the reasons set forth below, the judgment of the Magistrate Judge will be affirmed and Rhett's appeal will be denied.

By filing a notice with the Clerk's Office on April 16, 2007, Rhett seeks to appeal the judgment of the Magistrate Judge. Although much of the content of his filing is difficult to decipher, Rhett clearly states that he meant this filing as "Rule 72(A) and Rule 72(B) Notice of Appeal from the Magistrate Judge's Order and Objection to the Opinion . . . Entered on 4-12-07." Accordingly, the Court will treat the request as a timely appeal.

Rhett seeks reversal of Magistrate Salas' order denying with prejudice the review of the ruling of the New Jersey family court. Her order, however, was correctly based on well-established law, as noted in her opinion, which states that because "[Rhett's] request to have this Court review the state and state family court's ruling falls squarely within the Rooker-Feldman Doctrine. . . . this Court does not have jurisdiction to entertain such matters."

The Rooker-Feldman abstention doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996). By asking Magistrate Salas and this Court to review a decision in a state court case, Rhett is requesting that this Court act as a court of appeals. The Rooker-Feldman

2

doctrine prohibits the Court from considering Rhett's request.  See Vandy v. Millard 2007 WL 894212, *1 (D.N.J. March 20, 2007).  Only the Supreme Court of the United States has such jurisdiction.  28 U.S.C. § 1257.  Magistrate Salas's order on this issue is affirmed.

Rhett also challenges Magistrate Salas' order denying him appointment of *pro bono* counsel.  However, a magistrate judge's decision is to be overturned only when the ruling was clearly erroneous or contrary to law.  L.Civ.R.72.1(c)(1)(A).[1]  The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal."  Marks v. Struble, 347 F. Supp.2d 136, 149 (D.N.J. 2004).

A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp.2d 162, 164 (D.N.J.1998).

Where an appeal seeks review of a procedural matter that a magistrate judge routinely is called upon to decide, such as appointment of *pro bono* counsel, the "abuse of discretion standard" must be applied.  Port Auth. v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579

---

[1] L.Civ.R.72.1(c)(1)(A) states:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order... A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

(D.N.J. 2001). Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. Id. (citing Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); and Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997)).

A magistrate judge's order may also be reversed if it is found that his determination was contrary to law. The federal courts are empowered by statute to appoint counsel in a civil case in the exercise of their discretion when required in the interest of justice. See Ray v. Robinson, 640 F.2d 474 (3d Cir.1981); 28 U.S.C. § 1915(d). The Court of Appeals for the Third Circuit has not established definite standards for the appointment of counsel, preferring to allow magistrate judges and district judges discretion to fashion relief in appropriate cases. Id.

The appointment of counsel is within the discretion of the magistrate judge or the district judge. Magistrate Salas reviewed Rhett's extensive submission in support of his motion for appointment of pro bono counsel in light of the factors enunciated by the Court of Appeals in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997), and Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). See Apr. 12, 2007 Opinion at 3-4. Her conclusion was that Rhett's application "includes nothing more than two bald assertions regarding [his] inability to travel to find an attorney and his inability to afford one," which were insufficient "to support a finding that the Court should request the appointment of counsel" on Rhett's behalf.

Rhett did not appear for oral argument as scheduled. The Court, upon reviewing Magistrate Salas's opinion and order, as well as the materials submitted with Rhett's application and with his appeal, is not left with the definite and firm conviction that a mistake has been

4

committed. In making her determinations, Magistrate Salas engaged in the appropriate legal analysis, as enunciated by the Court of Appeals, and, thus, her action was not contrary to law. The Court also finds that, under the circumstances presented here, Magistrate Salas did not abuse her discretion by failing to appoint counsel. Thus, the Court will affirm Magistrate Salas's order denying without prejudice Rhett's request for appointment of *pro bono* counsel.

An appropriate order follows.

/s/ Dickinson R. Debevoise<br>Dickinson R. Debevoise, U.S.S.D.J.

Dated: May 14, 2007