**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|                         |   |                                    |
|-------------------------|---|------------------------------------|
|                         | : |                                    |
| Eric J. Rhett,          | : |                                    |
|                         | : |                                    |
| *Pro Se* Plaintiff,     | : | Civil Action No. 07-1310 (DRD)     |
|                         | : |                                    |
| v.                      | : | **OPINION**                        |
|                         | : |                                    |
| New Jersey State, et al.| : |                                    |
|                         | : |                                    |
| Defendants.             | : |                                    |
|                         | : |                                    |

---

**DEBEVOISE, U.S.S.D.J.**

*Pro Se* Plaintiff Eric J. Rhett ("Rhett") filed this action in the District Court for the

Eastern District of Louisiana. Because "all parties . . . are New Jersey citizens and because all

the events leading to this law suit occurred in New Jersey," the Eastern District of Louisiana

Court, *sua sponte*, transferred the action to the District of New Jersey for the "convenience of the

parties and in the interest of justice."

The Magistrate Judge for the District Court of New Jersey denied without prejudice

Rhett's request for *pro bono* assistance and denied with prejudice his claim that sought review of

the ruling of the New Jersey State Family Court. Rhett appealed the Magistrate Judge's decision

but failed to make an appearance for oral argument on the scheduled motion date.[1] This Court

affirmed the order of the Magistrate Judge and issued an Order, returnable on June 11, 2007, to

Show Cause why Rhett's action should not be dismissed for lack of jurisdiction. Rhett

---

[1]Although Rhett did not appear, an attorney for one of the named defendants did appear
and placed on the record the fact that Rhett failed to properly serve the summons and complaint
on his client.

responded by filing a document entitled "Closing Arguments of Facts," which the Court will construe as an opposition.

Rhett's 40-page complaint is a confusing and disjointed jumble that does not meet the requirements of Fed. R. Civ. P. 8(a) of a short and plain statement "of the grounds upon which the court's jurisdiction depends" and "of the claim showing that the pleader is entitled to relief." For example, he cites 42 U.S.C. § 3532, which provides for the "Establishment of the Department of Housing and Urban Development," but he fails to argue how that section has been violated and how he has been damaged by the violation.  He invokes 28 U.S.C. § 1441, which permits removal of proceedings to a federal court by a defendant, but Rhett is a plaintiff who initiated proceedings in New Jersey State Court, and he cannot remove the action to federal court.  To justify his filing in the District Court for Louisiana, Rhett cites 28 U.S.C. § 1407, which permits the court to transfer in cases of multi-district litigation, but all the parties are New Jersey citizens and all of the alleged violations took place in New Jersey.  He invokes 28 U.S.C. § 2241, which permits the filing of a Petition for a Writ of Habeas Corpus, but he is not in federal custody.  He claims medical fraud in violation of the Social Security Act, 42 U.S.C. §§ 1129, 1140, but none of his allegations sound therein.  He cites rules of the Supreme Court of the United States which are inapplicable to his action here.  The Court cannot identify in his ramblings any valid basis for the exercise of federal subject matter jurisdiction.

Rhett cannot establish jurisdiction of this Court based on diversity of citizenship because he and all the named defendants are citizens of New Jersey, and all of his alleged violations took place in New Jersey.  Thus, jurisdiction cannot be predicated upon 28 U.S.C. § 1332.

Nor can jurisdiction be predicated upon 28 U.S.C. § 1331 because none of the identifiable

claims are based on a federal right. His claims of landlord negligence, rent, public utilities issues, comparative negligence, attorney malpractice, child support sound in the common law and New Jersey state statutes. These claims were presented to, and ruled on by, the New Jersey Superior Court, which denied him relief. But, because he did not get the relief he wanted, he asks this Court to review the New Jersey court determination.

However, as the Magistrate Judge correctly determined, and this Court affirmed, the Rooker-Feldman Doctrine bars a lower federal court from reviewing the ruling of a state court and any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial ruling. See ITT Corp. v. Intelnet Intern., 366 F.3d 205 (3d Cir. 2004). The appropriate avenue of appeal for Rhett is through the state court system. Under the circumstances, the Court concludes that it lacks subject matter jurisdiction, and the case must be dismissed.

The Court, however, takes judicial notice of the fact that this is not the first time that Rhett has presented his claims to this district court. He has filed five other actions here and one in the Maryland district court that was transferred here. Each of those complaints is strikingly similar in content to the instant case. Three of those complaints were dismissed for lack of subject matter jurisdiction, and one was administratively closed. The last complaint, transferred here from Maryland, was dismissed because it was so incomprehensible that the Court was prevented "from screening the Complaint for the purpose of establishing whether Plaintiff's claims are subject to *sua sponte* dismissal . . . ." Only the first one was remanded by the Court of Appeals for the Third Circuit for further proceedings by this district court.

Although the complaint of a *pro se* plaintiff must be liberally construed in accordance

3

with Local Rule 10.1, a court is not required to credit a *pro se* litigant's "bald assertions" or "legal conclusions," <u>Cade v. Newman</u>, 422 F. Supp.2d 463, 465 (D.N.J. 2006) (Kugler); <u>Edwards v. Gu</u>, 2005 U.S. Dist. LEXIS 19561 (D.N.J. Aug 30, 2005) (Bassler), and the rule regarding pleading requirements cannot be used to cure errors resulting in jurisdictional defects.  <u>Lang v. Rubin</u>, 73 F. Supp.2d 448, 451 (D.N.J. 1999) (Simandle), aff'd mem. 250 F.3d 736 (3d Cir. 2001) (failure to state a claim); <u>Calderon v. U.S. Dept. of Agriculture</u>, 756 F. Supp 181, 184 n.2 (D.N.J. 1990) (Gerry) (failure to sue the proper party).  And, <u>see</u> <u>Bey v. Daimler Chrysler</u>, 2006 U.S. LEXIS 32879 (D.N.J. May 15, 2006) (Kugler) (failure to serve party).  Nor will the liberality extended to *pro se* litigants generally excuse egregious misconduct.  <u>See</u> <u>Smith v. Continental Ins. Corp.</u>, 747 F. Supp 275, 285 (D.N.J. 1990) (Barry), aff'd mem. 941 F.2d 1203 (3d Cir. 1991) (where plaintiff twice unsuccessfully litigated the exact same claim, Judge Barry warned that while the court must be solicitous of *pro se* litigants, *pro se* status will not insulate an individual when he determines to make the court his personal playground).  <u>See</u> <u>also</u> <u>Perry v Gold & Laine, P.C.</u>, 371 F. Supp.2d 622, 631-633 (D.N.J. 2005) (Wolfson) (barring plaintiff from filing *pro se* complaints without leave of court); <u>Yuhasz v. Leder</u>, 166 Fed. Appx. 642 (3d Cir. 2006) (affirming order barring *pro se* lawsuits related to same subject matter without leave of court).

Rhett has sought to re-litigate the same issues several times and is now filing complaints in other federal district courts alleging that this Court has colluded with the state court to deprive him of justice because he does not, and cannot, get the relief to which he thinks he is entitled. Rhett is playing fast and loose with the courts and, if he continues to do so, he will face severe sanctions, including being barred from filing further *pro se* complaints without the express

permission of the Court.

## CONCLUSION

Because the Court lacks subject matter jurisdiction, Rhett's complaint will be dismissed.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.



Dated: June 11, 2007